IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| DuJuan Green, | ) | Civil Action No. 4:10-cv-528-RMG-TER |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Director Myer, Alvin S. Glenn Detention Center, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff brings this *pro se* action pursuant to 42 U.S.C § 1983. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. The Magistrate Judge issued a Report and Recommendation recommending that Defendants' motion for summary judgment be granted (Dkt. No. 66) and the action dismissed without prejudice. (Dkt. No. 72). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff failed to object to the Report and Recommendation. As explained herein, this Court agrees with the Magistrate Judge's recommendation and dismisses Plaintiff's Complaint without prejudice.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28

U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This Court, after reviewing the Report and Recommendation for any clear errors of law and finding none, agrees with the conclusions of the Magistrate Judge.

Defendants have pleaded the affirmative defense of failure to comply with the applicable statutory authority's exhaustion requirement and have moved for summary judgment on that basis as well as on the merits of the allegations. Defendants submitted the affidavit of Jeanne Shull ("Shull") who attests she is employed by the County of Richland, South Carolina as a Sergeant assigned to the ASGDC. (Dkt. No. 66-8). Shull attests that she is currently assigned to the Professional Standards division at ASGDC, and assists in reviewing the records maintained at ASGDC, including inmate grievance records. (*Id.*). The administrators of ASGDC developed an inmate grievance system for inmates to file written complaints regarding the facility or its operations which includes issues related to conditions of confinement. (*Id.*). Shull attests that she has reviewed Plaintiff's inmate records, and Plaintiff never filed a grievance during his incarceration at ASGDC, "much less properly appeal any grievance to the Assistant Director as required by the ASGDC inmate grievance policy." (*Id.*).

Plaintiff filed a response in opposition to the motion for summary judgment. Plaintiff stated that he was fully aware of the Grievance Procedure and "wrote several Grievanc[es] to Lt's and Sarge some." Plaintiff further states that he received a response on some in the past but they were not reasonable responses and since the response was from the Director of the Jail "I did not do a grievance on this situation." Therefore, Plaintiff asserts in this response that he filed

grievances on other matters but, since he did not like the response, he did not file a grievance on the allegations alleged in this action. (Doc. No. 70).

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* § 1997e(a). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001).

## CONCLUSION

After a thorough review of the Record, Magistrate Judge's Report and Recommendation, and the relevant case law, this Court adopts the Magistrate Judge's Report and Recommendation and **grants** Defendants' motion for summary judgment (Dkt. No. 66) and **dismisses** Plaintiff's Complaint without prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 11, 2011
Charleston, South Carolina